UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| COMMERCIAL CREDIT | ) | |
|---|---|---|
| GROUP INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-CV-39-SNLJ |
| | ) | |
| HARDING ENTERPRISES, LLC, and, | ) | |
| GREGGORY ALLEN HARDING | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively." 15 James Wm. Moore, et al., *Moore's Federal Practice* § 102.31 (3d ed. 2010).

The Complaint (#1) asserts that the Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000. It also alleges that defendant "Harding Enterprises, LLC

1

. . . is a limited liability company formed in the state of Mississippi but authorized to do business in and operating in the state of Missouri with its principal place of business" in Missouri (#1 at 2). But the Eighth Circuit has held that unincorporated entities such as limited liability companies are citizens of every state of which any member is a citizen. *See GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Thus, for the limited liability company party, the Court must examine the citizenship of each member to determine whether diversity jurisdiction exists.

Because it is the plaintiff's burden to establish subject matter jurisdiction, the Court will grant plaintiff twenty-one (21) days to file a second amended complaint that alleges facts showing the existence of the requisite diversity of citizenship of the parties. If plaintiff fails to timely and fully comply with this Order, the Court will dismiss the matter without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that, by March 19, 2018, plaintiff shall file a second amended complaint that alleges the citizenship of each of Harding Enterprises, LLC's members.

**IT IS FURTHER ORDERED** that if plaintiff does not timely and fully comply with this Order, the matter will be dismissed for lack of subject matter jurisdiction.

Dated this  26th  day of February 2018.

_____
STEPHEN N. LIMBAUGH, JR.

UNITED STATES DISTRICT JUDGE